United States District Court
Southern District of Texas
**ENTERED**
September 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARGARITA ENRIQUE CRUZ, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-2644 |
| FIESTA MART LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Margarita Enrique Cruz alleges that she slipped and fell on a clear liquid on the floor of the ice cream aisle at a Fiesta Mart store in Texas. (Docket Entry No. 1-2 at 2, ¶ 4). Fiesta has moved for summary judgment, arguing that there is no evidence that Fiesta had actual or constructive notice of the liquid on the floor before Cruz slipped. (Docket Entry No. 16 at 4–5). Fiesta points to Cruz's deposition, in which she admits that she has no knowledge of how long the liquid was on the floor, how it came to be there, or that any Fiesta employee was aware of the liquid before she fell. (*See* Docket Entry No. 16-1 at 17; Docket Entry No. 17-1 at 16–18). Cruz argues that the Fiesta premises posed an unreasonable risk of harm; that Fiesta should have known of the dangerous condition; that Fiesta had a duty to inspect and make safe the dangerous condition or give adequate warning, and that it failed to do so. (Docket Entry No. 17 at 3). She argues that the burden was on Fiesta to produce any evidence of "film, procedures, or logs, which in the absence thereof is negligence." (*Id.* at 3–4).

Based on the pleadings, the motion, the response, the reply, the record, and the applicable law, the court grants Fiesta's motion for summary judgment, (Docket Entry No. 16). The reasons for this ruling are set out below.

**I. The Legal Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a

genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250).

## II. Analysis

Cruz's premises liability claim fails as a matter of law because there is no genuine factual dispute material to an essential element of the claim. To avoid summary judgment on a premises liability claim, a plaintiff must raise a factual dispute as to the elements of the claim: "(1) [a]ctual or constructive knowledge of some condition on the premises by the owner/operator; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). Cruz's claim fails on the first element because she has presented no evidence to create a genuine factual dispute material to determining whether Fiesta had actual

or constructive notice of the clear liquid on the floor before Cruz fell. *See id.*; *H-E-B, LP v. Peterson*, 732 S.W.3d 541, 548 (Tex. 2026) ("Constructive knowledge of a dangerous condition requires evidence that the condition existed for a sufficient duration before the time and place of the injury for a premises owner to have discovered it."); *cf. id.* ("This record contains no evidence of how long the puddle existed before [the plaintiff] slipped on it; thus, the court of appeals erred in reversing summary judgment for HEB."); (Docket Entry No. 16-1 at 17; Docket Entry No. 1-2). Cruz acknowledges that she does not know how long the water was on the floor or whether an employee had actual or constructive knowledge that it was there and failed to clean it up or warn about it. *See H-E-B, LP*, 732 S.W.3d at 548 ("Our Court repeatedly has rejected calls 'for a relaxed burden of proof in slip-and-fall cases when the evidence is scant.'" (citations omitted)); (Docket Entry No. 16-1; Docket Entry No. 17-1 at 16–18). Under the applicable law and the undisputed facts, Fiesta is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323.

## III. Conclusion

The court grants Fiesta's motion for summary judgment, (Docket Entry No. 16). Final judgment will be separately entered.

SIGNED on September 17, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge